UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PATINO RANGEL,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | Case No.  3:26-cv-06081-JSC<br><br>**SCHEDULING ORDER RE:<br>PETITIONER'S MOTION FOR<br>TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 3 |

Before the Court is Petitioner's Motion for Temporary Restraining Order.  (Dkt. No. 3.) On June 18, 2026, Petitioner filed a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order: 1) seeking the immediate release of Petitioner from custody and enjoining Defendants from re-detaining him absent prior notice and a pre-deprivation hearing; 2) enjoining any new release conditions, such as electronic monitoring or in-person/virtual check-ins; 3) enjoining Respondents from transferring him outside the district or removing him from the United States prior to termination of these habeas proceedings; and 4) enjoining Respondents from retaining any of Petitioner's personal property that was confiscated upon his arrest.  (Dkt. No. 3.)

Respondents submitted a brief opposition to the motion, arguing Petitioner has had no prior contact with the Department of Homeland Security, and there has been no prior determination—explicit or otherwise—that he does not constitute a danger or a flight risk.  (Dkt. No. 4.)  In this way, Respondents argue Petitioner's case differs from other scenarios in which district courts have found a likelihood of success on the merits of a Due Process claim.  (*Id*.) Further, Respondents contend that even if Petitioner is subject to removal under 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)(2), there is no Due Process violation, since he will be provided "post-deprivation protections."  (*Id*.)  Last, Respondents request additional time

to supplement their opposition to the motion.  (*Id.*)

The Court finds further briefing is appropriate.  **IT IS ORDERED** that Respondents submit a supplemental opposition by **1:00 p.m. on June 22, 2026**.  Petitioner shall submit a reply by **5:00 p.m. on June 23, 2026**.  During the pendency of proceedings on Petitioner's Motion for Temporary Restraining Order, Respondents **SHALL NOT** remove Petitioner from this judicial district, nor shall they remove him from the United States.  If he has already been removed from the District, he shall be returned to the District.  The assigned Judge may modify this schedule as appropriate.

**IT IS SO ORDERED.**

Dated: June 19, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

2